IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DUMA LUEVANY SIMS,**

    Plaintiff,

vs.                                                                                 **No. CIV 99-848 LCS**

**DELAWARE NORTH COMPANY et al.,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Delaware North Companies, Inc.'s Motion to Dismiss *(Doc. 14)*, filed September 14, 1999; Defendants CA One Services, Inc. and David Hanisch's Motion to Dismiss or in the Alternative for Summary Judgment *(Doc. 43)*, filed December 3, 1999; and Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies and Failure to State a Claim *(Doc. 12)*, filed September 12, 1999. The Court has reviewed the pleadings, the motions and memoranda submitted by the parties, and the relevant law. The Court finds that Defendant Delaware North's motion is well taken as to dismissal based on existence of a settlement agreement and shall be granted; that Defendant CA-One Services, Inc. et al.'s Motion is well taken and shall be granted; and that Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies and Failure to State a Claim is well taken and shall be granted.

**I. Background**

Liberally construed, the *pro se* plaintiff's Amended Complaint *(Doc. 37)* alleges that she was employed at a Garduño's restaurant in Albuquerque, New Mexico that was operated by Defendant

CA One Services, Inc. ("CA One"). Defendant Delaware North, Inc. ("Delaware North") is the parent company of CA One. Plaintiff claims that she was employed by Defendant Delaware North to work at the restaurant.

During her tenure working at the Garduño's restaurant, she claims to have reported to management and to her union representatives several incidents of sexual harassment and/or sexual discrimination directed toward female employees. Most, if not all, of the incidents of sexual harassment appear to have been directed toward female employees other than Plaintiff. Plaintiff alleges that Defendant Hanisch, her manager, treated her differently from other employees in several respects: she had to bring in doctors' excuses before she was allowed to deviate from the Garduño's uniform while other employees did not; he publicized to other employees that she was to blame for management implementing a new "blind drop" cash handling policy that co-workers found to be offensive; her leaves of absence, including sick leave, were scrutinized more carefully than other employees and she was required to bring in doctors' excuses; she was ordered to remain in an area known as her "cage" while on duty; her cash shortages were carefully scrutinized. Eventually, Hanisch terminated Sims, asserting that she was being terminated for failing to make up three cash shortages.

Plaintiff alleges that after her termination, she sought assistance from her union for her grievances. She alleges that her union local initially refused to represent her, but after she filed a grievance and a charge with the Equal Employment Opportunity Commission ("EEOC"), the union negotiated a settlement with her employer and urged her to accept it. Plaintiff alleged in her initial complaint that her union sought monetary relief for harassment only, and that she was "awarded" $7,500 in settlement of the grievance. Defendants have submitted as Exhibit 1 to Defendants'

Memorandum in Support of Motion to Dismiss *(Doc. 13)* a "Settlement Agreement" signed by Plaintiff, in which Ms. Sims agrees to release CA One, its parent companies, its employees, and the Union from any claims of any kind regarding her employment or the Union's representation, in exchange for a settlement of $7,500. Ms. Sims alleges that the Settlement Agreement is incomplete or invalid for a variety of reasons: first, that she only signed and returned one copy, instead of five copies; second, that the settlement agreement only covers her harassment claims; third, that her signature was procured by fraud. The only factual basis alleged for the "fraud" in Plaintiff's Amended Complaint is that Defendant Katz advised Plaintiff "to accept the settlement agreement because Armijo has informed him that Sims was guilty of insubordination," Amended Complaint at ¶ 50, and that "Armijo, Hanissch [sic] and Hendrickson had not told the truth to EEOC," *id.* at ¶ 49. Plaintiff does not deny that she signed at least one copy of the Settlement Agreement on July 15, 1999.

Plaintiff filed a Charge of Discrimination with the EEOC on August 12, 1998, naming "CA-One Services Inc./DBA Garduno's" as the "Employer, Labor Organization, Employment Agency, Apprenticeship Committee, State or Local Government Agency who Discriminated Against Me." *See* Ex. 2 to Def.'s Mem. in Support of Motion to Dismiss *(Doc. 13)*. Plaintiff did not name her union or its members in the Charge, nor did she allege any facts against the union or its members. The EEOC issued its "right to sue" letter on April 28, 1999, and Plaintiff alleges that she received the letter on April 30, 1999. *See* Pl.'s Reply in Support of Motion not to Dismiss *(Doc. 32)* at 3. Plaintiff filed this action on July 30, 1999.

## II. Analysis

When considering Defendants' Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all factual allegations in Plaintiff's Amended Complaint as true and

3

construes them in the light most favorable to Plaintiff. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). The Court liberally construes the pleadings of *pro se* litigants. *See id.* Dismissal is appropriate only if it appears that Plaintiff can prove no set of facts that would entitle her to relief. *See id.*

The parties have submitted extensive materials outside the pleadings on Defendant CA One Services' Motion to Dismiss *(Doc. 43)*. All parties have been given reasonable opportunity to bring to the Court's attention all pertinent information. As to such issues, the Court may treat Defendants' motion as a Motion for Summary Judgment under Federal Rule of Civil Procedure 56. Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). I must "view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence" that would justify sending the case to a jury. *See Williams v. Rice*, 983 F.2d 177, 179 (10th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52 (1986)).

1.  Defendant Delaware North's, Motion to Dismiss for Lack of Personal Jurisdiction

Defendant CA One is a wholly owned subsidiary of Defendant Delaware North. Plaintiff alleges that she was an employee of Delaware North. *See* Pl.'s Supp. Mem. *(Doc. 46)*. Plaintiff does not allege that Delaware North is a New Mexico corporation; therefore, personal jurisdiction would appear to be proper only pursuant to the New Mexico "long-arm" statute, N.M. Stat. Ann. § 38-1-16(A), if at all. Defendant argues that the long-arm statute does not apply because Delaware North does not transact business within New Mexico and did not commit any tortious acts in New Mexico.

4

Plaintiff's allegation that she was employed by Delaware North, if true, would be sufficient to confer personal jurisdiction under both the "transaction of any business within this state" clause, N.M. Stat. Ann. § 38-1-16(A)(1), and the "commission of a tortious act" clause, N.M. Stat. Ann. § 38-1-16(A)(3). Although Plaintiff does not present evidence other than an employment application in support of her claim that she was employed by Delaware North, nonetheless Delaware North does not directly contradict that assertion. Furthermore, Delaware North presents an affidavit that it "provides certain human resource services to its subsidiary, CA One Services, Inc.," *see* Affidavit of Natalie Sherman, attached to Mem. in Supp. of Motion of CA One et al.*(Doc. 44)*, and that its Director of Human Resources was involved in responding to Ms. Sims' EEOC complaint. At a minimum, it appears that Delaware North was involved in the investigation of Ms. Sims' EEOC complaint and the decision not to reinstate Ms. Sims after she filed her complaint. Thus, there is evidence that Delaware North has input into the hiring and termination of New Mexico workers. Taken together and without a direct denial by Delaware North that it employed Ms. Sims, the Sherman Affidavit and Ms. Sims' employment application are sufficient to make a *prima facie* showing that Delaware North transacts business by employing New Mexico workers, and was involved in the allegedly tortious act of terminating Ms. Sims' employment.

2. Failure to Exhaust Collective Bargaining Agreement Remedies

Defendants CA One and David Hanisch argue that Plaintiff's claims must be dismissed because a collective bargaining agreement between the Union and CA One waived the union members' right to sue in disputes over claims of discrimination. The Tenth Circuit has already rejected this argument in *Harrison v. Eddy Potash, Inc.*, 112 F.3d 1437, 1451-54 (10th Cir. 1997), *vacated on other grounds* 118 S. Ct. 2364 (1998). In this Circuit, a plaintiff need not exhaust

5

remedies under a collective bargaining agreement as a prerequisite to exercising her statutory rights under Title VII. Defendants' Motion to Dismiss on this basis shall be denied.

### 3. Failure to Exhaust Administrative Remedies Against Union Defendants

A plaintiff cannot maintain a suit raising Title VII claims unless those claims are filed with the EEOC prior to the initiation of the suit. *See Symore v. Shawver & Sons, Inc.*, 111 F.3d 794 (10th Cir. 1997), *cert denied*, 118 S. Ct. 342. A party not named in the EEOC charge may not be sued under Title VII unless there is an identity of interest between the unnamed party and the EEOC respondent, or the unnamed party had adequate notice that there was an EEOC charge brought against it that would allow the unnamed party to participate in the EEOC conciliation proceedings. *See Romain v. Kurek*, 836 F.2d 241 (6th Cir. 1987).

Plaintiff does not allege that she filed an EEOC charge against any of the Union Defendants. Plaintiff's EEOC Charge of Discrimination did not name Local 436 H.E.R.E AFL-CIO, H.E.R.E. IU AFL-CIO, or any of the individual union members who are named as defendants (collectively, the "Union Defendants"). The EEOC Charge does not state any factual basis that would put the Union Defendants on notice that Plaintiff was making a charge against them. I find that Plaintiff has failed to exhaust administrative remedies against the Union Defendants. Therefore, I shall grant the Union Defendants' Motion to Dismiss on that basis.

### 4. Failure to File Suit Within 90 Days of Receipt of "Right to Sue" Letter

Plaintiff did exhaust her administrative remedies against Defendant CA One by filing an EEOC Charge of Discrimination. Plaintiff alleges that she received a copy of the EEOC's "right to sue" letter on April 30, 1999. *See* Pl.'s Reply *(Doc. 32)* at 3. Plaintiff filed this action ninety-one days later, on July 30, 1999. July 29, 1999 was not a holiday or weekend, and Plaintiff presents no reason

6

for failing to file within the 90-day time period. Although it may appear harsh to dismiss Plaintiff's complaint for missing the statutory deadline by one day, the deadline is mandatory (although not jurisdictional) and even a one day delay beyond that period is fatal to Plaintiff's claims absent some basis for equitable tolling. *See Wilson v. Doctors Hosp.*, 909 F. Supp. 580 (N.D. Ill. 1996). Plaintiff asserts no reason for the delay. Plaintiff's Title VII claims against CA One are untimely and shall be dismissed.

### 5. Plaintiff's Title VII Claims Against Individual Defendants

A Title VII action can only be maintained against an employer, not against supervisors or other employees in their individual capacity. *See Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993). Therefore, Plaintiff's Title VII claims brought against the individual defendants shall be dismissed.

### 6. Plaintiff's Claims under 42 U.S.C. § 1983

Claims brought under 42 U.S.C. § 1983 must allege that the defendant acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988). The defendants in this case are all private corporations, unions, and individuals. Plaintiff does not allege that any of these defendants held any "badge of authority" that would clothe them with the appearance of being a state actor. Plaintiff does not allege that the "oath of office" that the individual defendants allegedly swore was for a state or local (as opposed to a private) office. Therefore, these claims shall be dismissed. Similarly, I find that Plaintiff has failed to state a claim under any of the other civil rights statutes alleged in her Amended Complaint (e.g., 42 U.S.C. §§ 1985, 1986, 1988).

### 7. Plaintiff's Settlement Agreement

As indicated above, Plaintiff's Title VII and related civil rights claims shall be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure as to all defendants for failure to state a claim for which relief may be granted. Independently, all of Plaintiff's claims (including any not otherwise subject to dismissal) are subject to dismissal because Plaintiff has waived any rights to sue by entering into a settlement agreement with her employer and her union. Plaintiff does not dispute that she signed at least one copy of a Settlement Agreement on July 15, 1999 and returned it to CA One and her union. Paragraph 5 of the Agreement provides that:

> Duma Sims, and the Union, hereby release the Company [CA One] and its respective parents, subsidiaries and affiliates, and its respective stockholders, officers, directors, employees, former employees, attorneys, representatives, agents, successors, and assigns from any claims that they may have or that may arise regarding Duma Sims employment with the Company, including but not limited to, reinstatement, additional back-pay and any other benefits or damages.

Paragraph 7 of the Agreement provides that:

> Duma Sims agrees that the Union has duly represented her in this matter and releases the Union from any claims of any kind or nature, including but not limited to violation of a duty of fair representation, that she may have, including any damages.

Plaintiff fails to allege any facts that would justify setting aside the Settlement Agreement. The fact that she only returned one copy instead of all five copies does not indicate that the Settlement Agreement was an "incomplete contract," absent some allegation that return of all five copies was a condition of the agreement. Ms. Sims does not deny that she received the $7,500 payment called for in the Settlement Agreement. I find that an agreement was reached.

I do not find that Plaintiff has alleged any facts that would support her assertion that her signature was procured by fraud. *See* Plaintiff's Reply *(Doc. 32)* at 2-4, Plaintiff's Motion to Not Dismiss *(Doc. 45)*. The only allegations in the Amended Complaint that are even related to this point

8

are found in paragraphs 49 and 50, where Ms. Sims claims that Defendant Katz advised her to accept the settlement agreement because it appeared to him that she was guilty of insubordination. Ms. Sims does not allege that she was tricked or misled into signing the Agreement by any intentional misrepresentation on the part of the Union Defendants. Without alleging these most basic elements of fraud, the Settlement Agreement cannot be set aside on that basis.

Finally, Plaintiff appears to allege that her Settlement Agreement should be set aside "because a Collective Bargaining Unit can not settle Civil Matters, like a Right to Sue Letter." *See* Pl.'s Reply *(Doc. 32)* at 3. Plaintiff entered into the Settlement Agreement personally - the Union did not sign on her behalf. This argument has no merit.

I find that Plaintiff has voluntarily waived all claims against all defendants by entering into the Settlement Agreement on July 15, 1999. Defendants' Motions to Dismiss shall be granted on this basis.

## III. Order

WHEREFORE, IT IS ORDERED that Defendant Delaware North Companies, Inc.'s Motion to Dismiss *(Doc. 14)*, filed September 14, 1999, Defendants CA One Services, Inc. and David Hanisch's Motion to Dismiss or in the Alternative for Summary Judgment *(Doc. 43)*, filed December 3, 1999, and Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies and Failure to State a Claim *(Doc. 12)*, filed September 12, 1999, are **granted**.

IT IS FURTHER ORDERED that all claims against all defendants shall be **dismissed with prejudice** and this action shall be **dismissed**. A final order in accordance with Rule 58 of the Federal Rules of Civil Procedure shall be entered.

_____
**LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE**

F:\Brian\99-848dismiss.wpd